PRICE, Judge.
This is an appeal from a judgment sustaining defendant’s exception of no cause of action and dismissing plaintiff’s action for damages for breach of contract.
Continental Nut Company, a California corporation, filed this suit against Louisi *261 ana Pecan Shelling' Company of Mansfield, claiming it had been damaged in the sum of $12,000 by the failure of defendant to comply with a contract for the sale of pecans.
The allegations of plaintiff’s petition setting forth the sequence of events on which it relies as establishing an executory contract to buy and sell and its breach by defendant are as follows:
“2.
On October 12, 1970, defendant agreed to sell to petitioner two truck loads of 400 bags each of pecans estimated to be 40 to 50 percent extra large and 50 to 60 percent large brand pecans, all extra large pecans were to be bleached and red polished and all large pecans to be natural bleached and polished, the extra large to be purchased at a price of 510 per pound and the large pecans at 5Oy¿0 per pound net delivered at Chico, California, shipment to have been the last week of October and first week of November 1970, all of said pecans to be U.S. No. 1 grade on arrival at Chico, California, and the two sizes to be bagged separately and so marked.
3.
Said contract to buy and sell was confirmed by petitioner’s purchase order No. 11714 dated October 12, 1970, copy of which is annexed hereto and made part hereof and marked Exhibit ‘No. 1’ for identification, said purchase order specifying that the shipping instructions must be complied with and that any additional expense due to deviation from shipping instructions would be charged to the seller. Said purchase order further specifies that goods not as ordered, or not equal to sample, would be returned at the shipper’s expense and that by acceptance of the order the seller agrees to all the terms listed thereon.
4.
Tt was agreed and understood by the parties that the pecans were to be tested on arrival at petitioner’s plant at Chico, California, by United States Department of Agriculture Inspectors to determine whether the quality would be No. 1 grade on arrival.
5.
The first shipment of 400 bags of pecans were tested in accordance with the terms and conditions of said purchase order and were passed and approved by the Inspectors of the United States Department of Agriculture. The second shipment of 400 bags of pecans were inspected by said inspectors at Chico, California, but did not comply with the requirements of U.S. No. 1 grade, as will be shown by copy of Inspection Certificate No. A 178684, copy of which is annexed hereto and made part hereof and marked Exhibit ‘No. 2’ for identification, said inspection certificate having the following comments among others ‘Fails to grade U.S. No. 1. Oversize account serious shell defects.’ ”
Plaintiff further alleged in its petition that defendant was immediately notified by phone and letter of the failure of the second load to meet the required specifications and made demand on defendant to ship an additional quantity of pecans. Plaintiff also alleges that after defendant refused to replace the rejected pecans it became necessary to purchase them on the open market at a price of $8,593.80 more than the sale price of its contract with defendant. Plaintiff claims this sum, plus $3,406.20 in expenses incurred in replacement of the pecans, as damages for breach of the contract.
Defendant’s peremptory exception filed in the trial court complains the plaintiff’s petition, along with attached documents *262 made a part thereof, does not disclose a cause of action for two reasons:
1. That the pleadings and accompanying documents do not allege or show a contractual obligation on the part of the .seller to ship replacement pecans for those rejected by the buyer, and therefore defendant has fulfilled its obligation under the contract.
2. That the plaintiff’s pleadings reflect there was error in the confection of the contract in regard to the responsibility of the seller should the pecans be rejected by the buyer, thus no meeting of the minds to sustain a valid contract.
In sustaining the exception of no cause of action, the trial judge adopted the reasons set forth in defendant’s exception for the basis of his ruling.
In determining the sufficiency of plaintiff’s pleadings to state a cause of action, the well pleaded facts in the petition and any annexed documents must be accepted as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961). Furthermore, all doubts as to the sufficiency of plaintiff’s pleadings must be resolved in its favor. Moore v. Shell Oil Co., 228 So.2d 205 (La.App.3d Cir. 1969).
Viewing the pleadings of plaintiff in light of the foregoing principles, we are of the opinion it has stated a cause of action. Plaintiff has alleged the essential elements of a contract of sale as provided by La.C.C. Article 2439, to-wit: the thing, the price and the consent. Plaintiff further alleged that defendant breached the contract and that he suffered damages as a result of said breach. Therefore, we think the plaintiff should be given his day in court to prove the existence of a contract, its breach and his entitlement to damages.
The consequences which may flow from the non-performance by the seller to furnish the thing which is the object of the contract of sale is a matter of law regulated by the applicable articles of the Civil Code relating to obligations of the seller and to breach of contract. A contract is therefore not unenforceable or void merely because the contracting parties did not anticipate a breach thereof and agree on a specific remedy therefor.
Defendant argues to this court that Paragraph 4 of plaintiff’s petition alleging the parties intended the pecans be inspected by the United States Department of Agriculture Inspectors in Chico, California, to determine if they were No. 1 grade, is either a suspensive condition or renders the agreement one of “view and trial” as provided by La.C.C. Article 2460. Under either theory it is argued the contract did not become executory until the happening of the condition (approval and certification as No. 1 grade in California). Also in support of this position, defendant refers to the following notations on plaintiff’s purchase order and shipping instructions, to-wit:
“Buyer reserves the right to cancel orders for goods not shipped at specified time. Goods not as ordered or not equal to sample will be returned at shipper’s expense.”
Defendant may well be correct in this argument. However, Paragraph 4 of plaintiff’s petition is subject to two interpretations: (1) that advanced by defendant as just stated; or (2) that the inspection procedure was intended to establish proper compliance by the seller of his obligation to furnish the quality required under the already executory contract of sale.
Whether the parties intended an execu-tory contract of sale unequivocably obligating defendant to furnish plaintiff the specified quantity of U.S. No. 1 grade pecans, and whether such pecans furnished were of this quality, or whether they intended the contract to become executory only “if” the pecans furnished within the time specified were certified by the Department of Agriculture, can only be determined after a trial on the merits.
*263 For the foregoing reasons the judgment appealed from is reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein.
Costs of this appeal are to be paid by ap-pellee.